United States District Court
Southern District of Texas
**ENTERED**
November 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK LAVAR ELLIOTT, SPN #01877025, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3336 |
| JUDGE DENISE COLLINS, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kendrick Lavar Elliott, is currently in custody at the Harris County Jail. Elliott has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging his detention without bond by a state court district judge. Elliott has also submitted an Application to Proceed Without Prepayment of Fees (Docket Entry No. 2). Because this case is governed by the Prison Litigation Reform Act (the "PLRA"), the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained briefly below.

## I. Background

Elliott is presently in custody at the Harris County Jail pending criminal charges for failure to register as a sex offender in cause number 1572703.[1] Elliott sues Judge Denise Collins, who presides over a state district court in Harris County, Texas.[2] Elliott contends that Judge Collins "committed a crime of imprisonment" by ordering him held without bond for over a year, from February 2016 through April 2017, in connection with another criminal case that was pending against him for failure to register as a sex offender in cause number 1499861, which was ultimately dismissed.[3] Invoking 42 U.S.C. § 1983, Elliott appears to seek damages for his wrongful imprisonment.[4]

## II. Discussion

Court records show that Elliott has made identical allegations against Judge Collins in another civil action filed in this district. See Elliott v. Collins, Civil No. H-17-1056 (S.D. Tex.). That case was dismissed on April 19, 2017, after the district court

---

[1]See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Nov. 3, 2017).

[2]Complaint, Docket Entry No. 1, pp. 3-4.

[3]Id. at 4. Court records reflect that the charges in cause number 1499861 were dismissed on March 29, 2017, after Elliott pled guilty in a related case (cause number 1499673). See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Nov. 3, 2017).

[4]Complaint, Docket Entry No. 1, p. 4.

found that Judge Collins was entitled to absolute judicial immunity from Elliott's claims. See Memorandum and Order of Dismissal, Civil No. H-17-1056, Docket Entry No. 4, pp. 2-3.

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). The allegations in Elliott's pending Complaint against Judge Collins clearly duplicate those presented by him previously in Civil Action No. H-17-1056. Because Elliott has made the same claims in a previous unsuccessful lawsuit, the court concludes that the pending Complaint is subject to dismissal as both frivolous and malicious under 28 U.S.C. § 1915A(b). See Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989) (holding that a duplicative complaint may be dismissed as frivolous if it seeks to relitigate claims which have already been unsuccessfully litigated by the plaintiff).

Alternatively, Elliott cannot prevail because, for the same reasons outlined in Civil No. H-17-1056, Judge Collins is entitled to judicial immunity from suit for actions taken in her judicial capacity. See Mireles v. Waco, 112 S. Ct. 286, 288 (1991) (citing Mitchell v. Forsyth, 105 S. Ct. 2806, 2815 (1985)); see also Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). For this additional reason, the Complaint must be dismissed under § 1915A(b) because it seeks monetary damages from a defendant who is immune from such relief.

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application for Leave to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of Kendrick Lavar Elliott (SPN #01877025) in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3. Elliott's Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas 77002, phone: 713-755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this 7th day of November, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE